GERALD WOLFE (SBN 180599)
LAW OFFICE OF GERALD WOLFE
19600 FAIRCHILD ROAD, SUITE 295
IRVINE, CALIFORNIA 92612
TELEPHONE (949)257-0961
FACSIMILE (949)878-4840

Attorney for Debtor
TRI PACIFIC CAPITAL CORPORATION

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>TRI PACIFIC CAPITAL<br>CORPORATION<br><br>             Debtor. | ) Case No. 1:10-bk-16015-GM<br>)<br>) DEBTOR TRI PACIFIC CAPITAL<br>) CORPORATION APPLICATION FOR<br>) EMPLOYMENT OF LAW OFFICE OF<br>) GERALD WOLFE; AND DECLARATION<br>) OF GERALD WOLFE IN SUPPORT<br>) THEREOF<br>)<br>) Judge: GERALDINE MUND<br>) |

Comes now, TRI PACIFIC CAPITAL CORPORATION, the Debtor and Debtor In Possession ("Debtor") in the above Chapter 11 case and requests this Court to approve the employment of counsel pursuant to 11 U.S.C. Section 327 and Bankruptcy Rule 2014 and as grounds for this Motion states as follows:

1. A Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code was filed by the Debtor TRI PACIFIC CAPITAL CORPORATION on May 19, 2010. Now, Debtor/Debtor in Possession desires to employ the law firm of LAW OFFICE OF GERALD WOLFE

1   (the "Firm") as their attorney in this case.

2   2.   The members of the Firm are admitted to practice in this

3   Court, have knowledge and experience in bankruptcy law practice,

4   and are well qualified to represent the Debtor in this case.

5

6   3.   In the pending Chapter 11 case, it will be necessary for

7   various professional legal services to be rendered on behalf of

8   the Debtor for which it is necessary to retain attorneys. These

9   services include:

10

11      a. Preparing pleadings and applications and conducting

12  examinations incidental to any related proceedings or to the

13  administration of this case;

14      b. Developing the relationship of the status of the Debtor

15  to the claims of creditors in this case;

16      c. Advising the Debtor of its rights, duties, and

17  obligations as Debtor operating under Chapter 11 of the

18  Bankruptcy Code;

19      d. Taking any and all other necessary action incident to

20  the proper preservation and administration of this Chapter 11

21  case; and

22      e. Advising and assisting the Debtor in the formation and

23  preservation of a plan pursuant to Chapter 11 of the Bankruptcy

24  Code, the disclosure statement, and any and all matters related

25  thereto.

26

27  4.   Debtor and Firm have agreed to the terms of Firm's

28  employment in this case, subject to the approval of court.   The

DEBTOR'S APPLICATION FOR EMPLOYMENT OF ATTORNEY - 2

1   terms are delineated in the "ATTORNEY-CLIENT FEE AGREEMENT-
2   BANKRUPTCY LEGAL SERVICES" ("Retainer Agreement").  The Retainer
3   Agreement is attached as Exhibit "1" to the Declaration of
4   Gerald Wolfe.

5

6   5.    To the best of Debtor's knowledge and as evidenced by the
7   attached declaration, no member of the Firm holds or represents
8   an interest adverse to this estate and all members are
9   "disinterested" persons under the Bankruptcy Code.

10

11  6.  Debtor's principal Joseph Cellura proposes to compensate the
12  Firm for the services of its members according to their standard
13  hourly rate as that rate may from time to time be adjusted
14  during the pendency of this Chapter 11 case.  The initial rate
15  quoted to the Debtor for the principal of Firm, Gerald Wolfe is
16  $450 per hour and for other members of the Firm are $350 per
17  hour and $275 for junior members of the Firm.  Debtor's
18  principal Joseph Cellura has agreed to pay the principal of the
19  Firm Gerald Wolfe for his direct billable time through the use
20  of a convertible promissory note in an initial amount of $20,000
21  and more as the billing increases above $20,000.  This
22  convertible promissory note is made by China Wireless Inc. of
23  which Debtor has an interest.  China Wireless Inc. is a pink
24  sheet publicly traded company.  Further, China Wireless has
25  agreed to pay for the time of the associates of the Firm on an
26  hourly basis as described above through direct payments via cash
27  or check.  The retainer is intended to cover fees and expenses
28  incurred pre-petition and a portion of the fees and expenses

1  incurred post-petition.

2

3  7.  The fees and expenses incurred post-petition will be paid in

4  accordance with the retainer and above described process.  All

5  payments for fees and expenses incurred subsequent to the filing

6  of the petition will be subject to approval and allowance by the

7  Court.

8

9      WHEREFORE, Debtor prays that it be authorized to employ the

10  Firm as its attorneys to represent the Debtor in this case under

11  the terms and conditions provided above.

12

13  Respectfully submitted,

14

15

16  _____

17  JOSEPH CELLURA, President of the Debtor

18

19

20  ____/S/ Gerald Wolfe_____

21  GERALD WOLFE, Attorney for Debtor

22

23

24

25

26

27

28

DEBTOR'S APPLICATION FOR EMPLOYMENT OF ATTORNEY - 4

1

2  7.  The fees and expenses incurred post-petition will be paid in

3  accordance with the retainer and above described process.  All

4  payments for fees and expenses incurred subsequent to the filing

5  of the petition will be subject to approval and allowance by the

6  Court.

7

8       WHEREFORE, Debtor prays that it be authorized to employ the

9  Firm as its attorneys to represent the Debtor in this case under

10  the terms and conditions provided above.

11

12  Respectfully submitted,

13

14

15

16  JOSEPH CELLURA, President of the Debtor

17

18

19  ____/S/ Gerald Wolfe_____

20  GERALD WOLFE, Attorney for Debtor

21

22

23

24

25

26

27

28

DEBTOR'S APPLICATION FOR EMPLOYMENT OF ATTORNEY - 4

GERALD WOLFE (SBN 180599)
LAW OFFICE OF GERALD WOLFE
19600 FAIRCHILD ROAD, SUITE 295
IRVINE, CALIFORNIA 92612
TELEPHONE (949)257-0961
FACSIMILE (949)878-4840

Attorney for Debtor
TRI PACIFIC CAPITAL CORPORATION


UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>TRI PACIFIC CAPITAL<br>CORPORATION,<br><br>               Debtor. | ) Case No. 1:09-bk-16015-GM<br>)<br>) DECLARATION OF GERALD WOLFE<br>) IN SUPPORT OF DEBTOR AND<br>) DEBTOR IN POSSESSION'S<br>) APPLICATION FOR EMPLOYMENT OF<br>) LAW OFFICE OF GERALD WOLFE<br>)<br>) Judge: GERALDINE MUND<br>)<br>) |

I, GERALD WOLFE, hereby declare as follows:

1.    I have personal knowledge of the within and could and would competently testify thereto if so requested.  I am the principal attorney in the LAW OFFICE OF GERALD WOLFE (the "Firm") and am authorized to make this declaration on its behalf;

2.    This declaration is made in support of the Debtor TRI PACIFIC CAPITAL CORPORATION's ("Debtor") Application of the Employment of the Firm in this case.  I have reviewed the Application and everything contained therein is materially true and correct to the best of my knowledge;

3. The members of the Firm are admitted to practice in this

DECLARATION OF GERALD WOLFE - 1

1  Court, have knowledge and experience in bankruptcy law practice,

2  and are well qualified to represent the Debtor in this case;

3  4.  It will be necessary for various professional legal services

4  to be rendered for which it is necessary to retain attorneys in

5  this Chapter 11 case.   As such, Debtor desires the employment

6  of the Firm to represent the Debtor and provide legal services

7  related to this Chapter 11 case.   These services include:

8      a. Preparing pleadings and applications and conducting

9  examinations incidental to any related proceedings or to the

10  administration of this case;

11      b. Developing the relationship of the status of the Debtor

12  to the claims of creditors in this case;

13      c. Advising the Debtor of its rights, duties, and

14  obligations as Debtor operating under Chapter 11 of the

15  Bankruptcy Code;

16      d. Taking any and all other necessary action incident to

17  the proper preservation and administration of this Chapter 11

18  case; and

19      e. Advising and assisting the Debtor in the formation and

20  preservation of a plan pursuant to Chapter 11 of the Bankruptcy

21  Code, the disclosure statement, and any and all matters related

22  thereto;

23  5.  Debtor and Firm have agreed to the terms of Firm's

24  employment in this case, subject to the approval of court.   The

25  terms are delineated in the "ATTORNEY-CLIENT FEE AGREEMENT-

26  BANKRUPTCY LEGAL SERVICES" ("Retainer Agreement").   The Retainer

27  Agreement is attached hereto as Exhibit "1" and by this

28  reference made a part hereof;

6.  Debtor's principal Joseph Cellura proposes to compensate the
Firm for the services of its members according to their standard
hourly rate as that rate may from time to time be adjusted
during the pendency of this Chapter 11 case.  The initial rate
quoted to the Debtor for the principal of Firm, Gerald Wolfe is
$450 per hour and for other members of the Firm are $350 per
hour and $275 for junior members of the Firm.  Debtor's
principal Joseph Cellura has agreed to pay the principal of the
Firm Gerald Wolfe for his direct billable time through the use
of a convertible promissory note in an initial amount of $20,000
and more as the billing increases above $20,000.  This
convertible promissory note is made by China Wireless Inc. of
which Debtor has an interest.  China Wireless Inc. is a pink
sheet publicly traded company.  Further, China Wireless has
agreed to pay for the time of the associates of the Firm on an
hourly basis as described above through direct payments via cash
or check.  The retainer is intended to cover fees and expenses
incurred pre-petition and a portion of the fees and expenses
incurred post-petition;

7.  The fees and expenses incurred post-petition will be paid in
accordance with the retainer and above described process.  All
payments for fees and expenses incurred subsequent to the filing
of the petition will be subject to approval and allowance by the
Court;

8.  To the best of my knowledge, each member of this Firm is a
disinterested person in this case and no member represents or
holds any interest adverse to the estate in the matters upon

1 | which the Firm is to be engaged;

2 | 9.   To the best of my knowledge, no member of the Firm has any

3 | connection with the Debtor, his creditors, or any other party in

4 | interest or their respective attorneys including the U.S.

5 | Trustee or any employee of the U.S. Trustee's Office in this

6 | District.

7 |

8 | I declare under the penalty of perjury under the laws of the

9 | State of California that the foregoing is true and correct

10 |

11 | Dated:  August 9, 2010

12 |

13 | _____/s/__Gerald Wolfe_____

14 | GERALD WOLFE, Attorney for Debtor

# EXHIBIT "1"

GERALD WOLFE, ESQ.
GERALD@GWESQ.COM
OFFICE: 949.257.0961
FAX: 949.878.4840

# LAW OFFICE OF GERALD WOLFE

MAILING ADDRESS
19600 FAIRCHILD ROAD
SUITE 295
IRVINE, CA 92612

## ATTORNEY-CLIENT FEE AGREEMENT - BANKRUPTCY LEGAL SERVICES

**Gerald Wolfe, Esq. PC** ("Attorney") and **Tri Pacific Capital Corporation** ("Client") hereby agree that Attorney will provide legal services to Client on the terms set forth below.

**1. CONDITIONS**. This Agreement will not take effect, and Attorney will have no obligation to provide legal services, until Client returns a signed copy of this Agreement.

**2. SCOPE OF SERVICES**. Client is hiring Attorney to represent Client in the following matter, services related to filing a Chapter 11 bankruptcy petition. Attorney will act as general insolvency counsel and will render such ordinary and necessary legal services as may be required in connection with Client's Chapter 11 case.

The legal services rendered or to be rendered include:
(a) Analysis of the financial situation of Client and rendering advice and assistance to Client in determining whether to file a voluntary petition under Title 11, United States Code. (Bankruptcy Code)
(b) Preparation and filing of the petition, Schedule of Assets and Liabilities, Statement of Affairs.
(c) Preparation and representation of Client at the First Meeting of Creditors.
(d) Discussion of and recommendation for required pre-petition credit counseling, and education requirements post-petition, and explanation of those requirements under the Bankruptcy Code (client also acknowledges that they will be solely responsible for the payment of all fees and charges related to the credit and educational counseling).
(e) Securing income tax transcripts for the prior four (4) years.
(f) Discussion of options for retaining any secured property.
(g) Assistance in filing of any pleadings required to effectuate a disclosure statement and plan of reorganization.
(h) Preparation and filing of any pleadings and attendance at any hearings under 11 USC 362 for relief from stay by any creditor during the administration of the case.
(I) Preparation and filing of any necessary motions to avoid liens on exempt property or pursue avoidable transfers.
(j) Contested motions and proceedings related to the administration of our case.
(k) Adversary proceedings or litigation after the filing of the Bankruptcy petition (subject to the exceptions below).

The legal work includes all necessary Court appearances (by members of the firm OR separate appearance counsel). Research, investigation, correspondence, preparation and drafting of pleadings and other legal documents, and related work to properly represent the client in this matter for the items exclusively set forth above.

## LEGAL SERVICES NOT PROVIDED BY ATTORNEY

The legal services and/or legal representation not to be provided or not rendered by attorney under this agreement include:
(a) Representation of Client in any adversary proceeding arising under Bankruptcy Code Section 523 for fraud, credit card abuse, false financial statements or any and all exceptions to discharge under Section 523; or
(b) Representation of Client in any adversary proceeding arising under Bankruptcy Code 727 for false oath, concealment of assets, revocation of discharge or any other and all objections to discharge under Section 727; or
(c) Representation of Client for any type of federal or state advice, opinion, negotiation, or any other matters pertaining to the discharge of any tax under any state or federal law.

Client acknowledges and understands by signing this agreement that debts will not be discharged if a creditor proves that Client lied about assets or concealed, destroyed or transferred any property within Bankruptcy Code Section 523 and/ or 727.
Client acknowledges and understands by signing this agreement that all the bankruptcy papers, pleadings and petitions are signed under the penalty of perjury and a false oath, concealment of assets or other allegation under Bankruptcy Code Section 727 by a creditor, trustee or court may result in the denial of discharge of debt or other sanctions, either monetary or non-monetary.

1 of 4

3.    **RESPONSIBILITIES OF THE PARTIES.** Attorney will provide those legal services reasonably required to represent Client as described in Paragraph 2 and will take reasonable steps to keep Client informed of progress and developments, and to respond promptly to inquiries and communications. Client agrees to be truthful with Attorney, to cooperate, to keep Attorney informed of any information and developments which may come to Client's attention, to abide by this Agreement, and to keep Attorney advised of Client's address, telephone number and whereabouts. Client agrees to cooperate fully with Attorney in all matters.

4.    **RETAINER FEE AND HOURLY RATE.** Debtor's principal Joseph Cellura has agreed to pay the principal of the Firm Gerald Wolfe for his direct billable time through the use of a convertible promissory note in an initial amount of $20,000 and more as the billing increases above $20,000. This convertible promissory note is made by China Wireless Inc. Further, a third party China Wireless Inc. has agreed to pay for the time of the associates of the Firm on an hourly basis as described above through direct payments via cash or check. The retainer is intended to cover fees and expenses incurred pre-petition and a portion of the fees and expenses incurred post-petition. The retainer is to be deposited into the Attorney's trust account, and is to be applied by Attorney to legal fees and expenses as incurred. If the matter should be concluded or Attorney be discharged before the resolution of this matter, any amount of the retainer beyond the legal fees and expenses incurred will be credited against future work. On request of Attorney, Client agrees to replenish the $20,000 retainer and deposit sufficient monies to bring the trust account to an amount not less than $20,000 when the trust account's balance of funds for benefit of Client becomes less than $22,500. Finally, the Client understands that upon its deposit, a portion of the retainer will be immediately applied to any past due or accrued legal fees and expenses. Irrespective of the above payment arrangements, Client is still jointly and severally liable and therefore obligated to pay said fees.

5.    **COSTS**: In addition to the fixed fee described above, the Client shall pay a filing fee of $1,039 above the retainer amount (or whatever the current filing fee exists for a chapter 11 filing) for a Chapter 11 and subject to change by the Bankruptcy Court. There may be emergency courier fees due to the emergency nature of the filing totaling up to $50 for each delivery.

Attorney will incur various costs and expenses in performing legal services under this Agreement. Client shall be obligated for those costs. The costs and expenses commonly include Westlaw, Lexis or other online charges or access fees at a rate of up to $40 an hour above the researcher's hourly fee whether Attorney, associate or paralegal, fees fixed by law or assessed by states and other agencies, telegrams, messenger and other delivery fees, postage, parking and other travel expenses, photocopying and other reproduction costs.

6.    **LEGAL HOURLY RATE:** Attorney charges an hourly fee of $450.00 billed in 6 minute increments. Any senior associates hired will be billed at hourly rates of $350.00 billed in 6 minute increments. Any associates hired will be billed at hourly rates of $275.00 billed in 6 minute increments. Paralegal hourly rates are billed at $125 in 6 minute increments.

7.    **NEGOTIABILITY OF FEES**. The rates set forth above are not set by law, but are negotiable between an attorney and client. These fees do not include costs associated with the filing of documents with the Bankruptcy Court.

8.    **LIMITATION OF REPRESENTATION**. Attorney is representing Client only on the matter described in Paragraph 2. Attorney's representation does not include independent or related matters that may arise. This Agreement does not apply to any other legal matters. If any such matters arise later, Attorney and Client will either negotiate a separate agreement if Client and Attorney agree that Attorney will perform such additional legal work or Client will engage separate counsel with respect to the cross-claim or counter-claim or additional legal work.

9.    **STATEMENTS.** Attorney will send Client statements of account for Attorney's fees, costs and expenses, showing the amounts charged. Client agrees promptly to pay any further billings over the retainer or other costs upon receipt. All invoices are due upon receipt. If not received within the allotted time, Attorney has the right to charge interest at the rate of 10% per annum.

10.    **LIEN.** Client hereby grants this office an irrevocable and immediate lien for services rendered. This lien will be for any sums owing to Attorney for any unpaid costs, expenses or attorneys fees under this Agreement. The lien will attach to any revenue, proceeds or commissions Client may obtain.

11.    **BANKRUPTCY DISCHARGE.** The Client acknowledges and understands by signing this agreement that a discharge in bankruptcy is a legal excuse from paying unsecured debts. The Client acknowledges and understands by executing this agreement that bankruptcy does not cancel secured debts, debts to creditors that the Client did not list on Bankruptcy Schedules, most income taxes, payroll taxes, sales taxes, tax penalties and interest owed to the State and federal government, most student loans, child and spousal support, most fraud judgments from any court, punitive damages, criminal restitution and fines, most judgments for malicious and willful conduct from any court, and any money that you owe as a result of being sued for drunken driving.

12.    **DISCHARGE AND WITHDRAWAL.** Client may discharge Attorney at any time, upon written notice to Attorney. Attorney may withdraw from representation of Client (a) with Client's consent, (b) upon court approval, or (c) if no court action has been filed, for good cause and upon reasonable notice to Client. Good cause includes Client's breach of this contract, Client's refusal to cooperate with Attorney or to follow Attorney's advice on a material matter, or any other fact or circumstance that would render Attorney's continuing representation unlawful or unethical.

13.    **CONCLUSION OF SERVICES.** When Attorney's services conclude, all unpaid charges will immediately become due and payable. Attorney is authorized to use any funds held in Attorney's trust account as a deposit against costs to apply to such unpaid charges. After Attorney's services conclude, upon request, Client's file and property will be delivered to Client, or Client's other attorney, whether or not Client has paid any fees and/or costs owed to Attorney. Attorney does not currently carry any malpractice insurance.

14.    **US TRUSTEE.** The Client acknowledges and understands that the US Trustee's office will be overseeing the case. The Client acknowledges that they have a duty to cooperate with the US Trustee's office.

15.    **DISCLAIMER OF GUARANTEE.** Nothing in this Agreement and nothing in Attorney's statements to Client will be construed as a promise or guarantee about the outcome of this matter. Attorney makes no such promises or guarantees. Attorney's comments about the outcome of this matter are expressions of opinion only. Client acknowledges that Attorney has made no promise or guarantees about the outcome. Attorney does not carry professional liability insurance or any other errors and omissions coverage.

16.    **ENTIRE AGREEMENT.** This Agreement contains the entire agreement of the parties. No other agreement, statement or promise made on or before the effective date of this Agreement will be binding on the parties.

17.    **ARBITRATION OF ALL DISPUTES INCLUDING CLAIMS OF MALPRACTICE.** Any controversy between the parties regarding the construction, application or performance of any services under this Agreement, and any claim arising out of or relating to this Agreement or its breach, shall be submitted to binding arbitration upon the written request of one party after the service of that request on the other party only after complying with Paragraph 20 on Mediation. The parties shall appoint one person to hear and determine the dispute. The arbitration shall be conducted by JAMS and shall be conducted in accordance with JAMS rules. If the parties cannot agree, then the Superior Court of Orange County shall choose an impartial arbitrator whose decision shall be final and conclusive on all parties. Attorney and Client shall each have the right of discovery in connection with any arbitration proceeding in accordance with Code of Civil Procedure Section 1283.05. The parties shall bear their own legal fees and costs. The sole and exclusive venue for the arbitration and or any legal dispute, shall be Orange County, California.

Notwithstanding the above, in any dispute subject to the jurisdiction of the State of California over attorney's fees, charges, costs or expenses, Client has the right to elect arbitration pursuant to the fee arbitration procedures of the State Bar of California, as set forth in California Business and Professions Code Section 6200, *et seq.* Those procedures permit a trial after arbitration, unless the parties agree in writing, after the dispute has arisen, to be bound by the arbitration award. If, after receiving a notice of client's right to arbitrate, Client does not elect to proceed under the State Bar fee arbitration procedures, and file a request for fee arbitration within 30 days, any dispute over fees, charges, costs or expenses, will be resolved by binding arbitration as provided in the previous paragraph.

Because each party is giving up a right, Client is encouraged to have an independent lawyer of Client's choice review these arbitration provisions before agreeing to them.

By initialing below, Client and Attorney confirm that they have read and understand the above, and voluntarily agree to binding arbitration. In doing so, Client and Attorney voluntarily give up important constitutional rights to trial by judge or jury, as well as rights to appeal. Client is advised that Client has the right to have an independent lawyer of Client's choice review these arbitration provisions, and this entire agreement, prior to initialing this provision or signing this Agreement.

_____ (Client Initial Here)      _____ (Attorney Initial Here)

18. MEDIATION. If a dispute arises out of or relating to any aspect of this Agreement between Client and Attorney, or the breach thereof, and if the dispute cannot be settled through negotiation, Attorney and Client agree to discuss in good faith the use of mediation before resorting to the mandatory arbitration provisions of this agreement.

19. EFFECTIVE DATE. This Agreement will govern all legal services performed by Attorney on behalf of Client commencing with the date Attorney first performed services. The date at the beginning of the Agreement is for reference only.

20. REPRESENTATION OF ENTITY. Attorney has advised Client that if Client is an entity legally distinct from any of its officers, directors, shareholders or employees of the Client there may be a conflict. As counsel for Client in this Chapter 11 case, Attorney can represent only Client and cannot represent any of its officers, directors, shareholders, or employees of the Client. In the event any conflict should arise between Client and any of its officers, directors, shareholders or employees, Attorney will only represent Client and the other party may be required to retain separate counsel.

THE PARTIES HAVE READ AND UNDERSTOOD THE FOREGOING TERMS AND AGREE TO THEM, AS OF THE DATE ATTORNEY FIRST PROVIDED SERVICES. IF MORE THAN ONE CLIENT SIGNS BELOW, EACH AGREES TO BE LIABLE JOINTLY AND SEVERALLY FOR ALL OBLIGATIONS UNDER THIS AGREEMENT. THE CLIENT SHALL RECEIVE A FULLY EXECUTED DUPLICATE OF THIS AGREEMENT VIA ELECTRONIC MAIL.

DATED: 6·30·10                           DATED: 8/9/10

_____ and                         By: _____
CEO President Tri. Inc                    Gerald Wolfe
                                          Attorney at Law

Address: _____

| In re:                              |                 | CHAPTER: **11**                   |
| **Tri Pacific Capital Corporation** |        Debtor(s). | CASE NUMBER: **1:10-bk-16015**  |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.  Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**19600 Fairchild Rd. Suite 295 Irvine, Ca 92612**

A true and correct copy of the foregoing document described as    **DEBTOR AND DEBTOR IN POSSESSION TRI PACIFIC CAPITAL CORPORATION'S APPLICATION FOR EMPLOYMENT OF GENERAL BANKRUPTCY COUNSEL**    will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On    **8/9/2010**    I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

United States Trustee (SV) - ustpregion16.wh.ecf@usdoj.gov
S Margaux Ross - margaux.ross@usdoj.gov

☐ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On    **8/9/2010**    I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Via U.S. Mail**
Honorable Geraldine Mund
States Bankruptcy Court - Central District of California
21041 Burbank Boulevard, Suite 342 / Courtroom 303
Woodland Hills, CA 91367

☐ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| August  9, 2010 | **Samer Nahas** | |
| --- | --- | --- |
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.